UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROY VERRET | CASE NO. 6:20-CV-01302 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ACADIANA CRIMINALISTICS LABORATORY COMMISSION ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

Plaintiff previously filed a Motion to Compel (Rec. Doc. 15). Following a telephone hearing on July 21, 2021, the Court granted the Motion and ordered Acadiana Criminalistics Laboratory ("ACL") to produce a supplemental privilege log. (Rec. Doc. 28). In accordance with the Order, the parties filed supplemental briefs addressing whether ACL's internal investigation documents were privileged. (Rec. Doc. 29 and 30).

In its revised privilege log, ACL identified seven documents prepared in June and October 2020. (Rec. Doc. 29-5). ACL objects to producing the documents on the grounds of attorney-client privilege, work-product doctrine, and the "self-evaluative" privilege.

### I.   The Attorney Client Privilege

The Fifth Circuit summarized the law applicable to claims of attorney-client privilege as follows:

> The attorney-client privilege limits the normally broad disclosure requirements of Federal Rule of Civil Procedure 26. For a communication to be protected under the privilege, the proponent must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. Determining the applicability of the privilege is a "highly fact-specific" inquiry, and the party asserting the privilege bears the burden of proof. Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent.
>
> *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 695 (5th Cir. 2017) (cleaned up).

The first item on the privilege log, the June 9, 2020 Summary of Interview of Winnie Kurowski, is the only item protected by the attorney-client privilege. ACL contends that its director, Kevin Ardoin, prepared this document for use by its counsel following the motion to suppress hearing in the underlying criminal proceedings. (Rec. Doc. 30, p. 4-5). Mr. Ardoin sent the document directly to its counsel. Thus, ACL has met its burden to show the summary is protected from disclosure.

The same cannot be said of the remaining six items, none of which were sent by or to counsel. As such, the attorney-client privilege does not protect these documents.

## II. Work-Product Doctrine

Rule 26 (b)(3)(A) provides the framework for application of the work-product doctrine:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i)  they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), citing *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982). The party invoking the doctrine has the burden of proof to show that the documents in question were prepared in anticipation of litigation. *Conoco Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107, 117 (W.D. La. 1998).

The court's threshold determination is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *El Paso Co.*, 682 F.2d at 542. Under

Fifth Circuit jurisprudence a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.*; *United States v. Davis,* 636 F.2d 1028, 1039 (5th Cir.1981). In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Carroll v. Praxair, Inc.,* No. 2:05CV00307, 2006 WL 1793656, at *2 (W.D. La. June 28, 2006), citing *Electronic Data Systems Corporation v. Steingraber,* 2003 WL 21653414, *5 (E.D.Tex.2003), citing *Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D.La.2000). The involvement of an attorney is not dispositive of the "in anticipation of litigation" issue, but it is a highly relevant factor. *Hercules Liftboat Co. v. Rice,* No. 6:11-CV-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012); *Fieldwood Energy, L.L.C. v. Diamond Servs. Corp.,* No. CIV.A. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015).

ACL claims the work-product doctrine protects the last six items on the privilege log: CAPA Root Cause Analysis ID 2131; CAPA Root Cause Analysis – 2135; Summary of Case Review Findings for the Analysts' Testimony and Homicide Cases; ACL Biology Section Case Reviews; ACL Laboratory Technician

Case Review Summary; Proficiency Review Results of W. Kurowski. ACL maintains that these documents were prepared in anticipation of "long-term possible litigation." ACL relies on a single statement from ACL's director, Kevin Ardoin, in support of its position. (Rec. Doc. 30, p. 3). However, Plaintiff cited several excerpts of Mr. Ardoin's testimony wherein he agreed that the root cause analyses were done pursuant to ACL policy. (Rec. Doc. 29-2 through 29-5). Plaintiff also identified specific ACL policy provisions in the ACL Quality Assurance Manual which required ACL to conduct investigations and prepare a Corrective Action Report identifying the root cause of the problem and measures to correct the problem. (Rec. Doc. 29-1, p. 27-28). ACL did not present any evidence that its attorney was involved in the root cause investigation or creation of the documents. Neither has ACL met its burden to show that the *primary* purpose of preparing the documents was to aid in future litigation. Rather, the Court finds that these documents were prepared pursuant to ACL standard procedure as an ordinary business practice. Accordingly, the last six documents identified in the privilege log are not protectable work-product.

### III. The Self-Evaluative Privilege

Although ACL relied on the "self-evaluative" privilege to prevent disclosure of the documents, ACL did not present any argument specific to this position. Moreover, the Fifth Circuit has not recognized the self-evaluation privilege (also

known as the self-critical analysis privilege). *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). See also *Ganious v. Apache Clearwater Operations, Inc.,* No. CRIM.A.98-207, 2004 WL 287366, at *2 (E.D. La. Feb. 11, 2004) (citing cases) ("All of the courts in this Circuit confronting the issue have declined to find that the self critical analysis privilege exists, *even in the instance of a post-accident investigation.*"); *Zavala v. City of Baton Rouge*, No. CV 17-656-JWD-EWD, 2020 WL 2574650, at *6 (M.D. La. May 21, 2020). Absent any argument in favor of applying the privilege and any jurisprudential guidance, the Court declines to attempt to evaluate whether the documents could conceivably be protected by a self-evaluative privilege.

Accordingly,

IT IS ORDERED that ACL shall produce the following documents within fourteen (14) days: CAPA Root Cause Analysis ID 2131; CAPA Root Cause Analysis – 2135; Summary of Case Review Findings for the Analysts' Testimony and Homicide Cases; ACL Biology Section Case Reviews; ACL Laboratory Technician Case Review Summary; Proficiency Review Results of W. Kurowski.

IT IS FURTHER ORDERED that ACL is relieved from producing the June 9, 2020 Summary of Interview of Winnie Kurowski.

Signed at Lafayette, Louisiana on this 18th day of August, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE